UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CR-00018-GNS-HBB

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

BILLY RAY MITCHELL                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Objection of Defendant Billy Ray Mitchell ("Mitchell") (DN 52) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 51). For the following reasons, the Objection is **OVERRULED**, and the Court **ADOPTS** the R&R in full.

### I.    SUMMARY OF FACTS AND CLAIMS

This case arises from a controlled drug buy conducted by the Bowling Green-Warren County Drug Task Force. (R. & R. 2, DN 51). The suspect involved in that event identified Mitchell as his supplier. (R. & R. 2). Officers subsequently discovered that Mitchell had a felony record and obtained a search warrant for his home from the Warren Circuit Court. (R. & R. 2).

When officers found the home empty, they forced entry. (R. & R. 2). Upon entering, they smelled marijuana and then saw a handgun in plain view in the bedroom. (R. & R. 2). An officer outside the home had a conversation with Defendant's neighbor. (R. & R. 2). During the conversation, a car drove by, which the neighbor identified as belonging to Defendant. (R. & R. 2-3). A police officer, Officer Patrick Donoghue ("Officer Donoghue"), was following Defendant when the officers searching the house located the gun. (R. & R. 3). At that point, Officer

Donoghue received instructions to conduct a felony stop. (R. & R. 3). Before he could effectuate the stop, Defendant turned into a Walmart parking lot, exited his vehicle, and began approaching the store. (R. & R. 3). Officer Donoghue drew his gun, ordered Defendant to lie down, and handcuffed him. (R. & R. 3).

Two other officers, Detective Clifton Phelps ("Detective Phelps") and Officer Ryan Dillon, arrived on the scene, where they approached Mitchell's vehicle and smelled marijuana. (R. & R. 3). The officers searched the vehicles and discovered cocaine and methamphetamine as well as marijuana on Defendant's person. (R. & R. 3).

Meanwhile, Mitchell was in custody in Officer Donoghue's cruiser. (R. & R. 3). Detective Phelps asked Mitchell for the combination to a safe located in Mitchell's home. (R. & R. 3). Mitchell provided the information, but Officer Phelps realized Mitchell had not yet been read his *Miranda* rights. (R. & R. 3). Officer Phelps then read Defendant his *Miranda* rights. The officers then went to Mitchell's home, used the combination to open the safe, and found large amounts of cocaine and crystal methamphetamine. (R. & R. 3-4). Additionally, the officers discovered two sawed off shotguns in a hall closet. (R. & R. 3).

Mitchell was subsequently indicted on charges related to the possession of drugs with intent to distribute as well as being a felon in possession of a firearm. (Indictment, DN 11). Mitchell moved to suppress certain statements made during his arrest and evidence gathered during a search of his home and vehicle. (Def.'s Mot. Suppress, DN 34; Def.'s Mot. Suppress, DN 35). The suppression motion was referred to Judge Brennenstuhl to conduct an evidentiary hearing, if necessary, and for issuance of a report and recommendation of disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Judge Brennenstuhl conducted an evidentiary hearing and issued a report

and recommendation. (R. & R., DN 51). Defendant timely filed an objection. (Def.'s Obj. R. & R., DN 52).

Judge Brennenstuhl recommended that the Court grant in part and deny in part Defendant's motions to suppress. (R. & R. 10). More specifically, Judge Brennenstuhl concluded that Defendant's statement containing the combination to his safe should be suppressed because Defendant uttered the statement prior to advisement of his *Miranda* rights. (R. & R. 9). Judge Brennenstuhl further concluded, however, that because the fruit of the poisonous tree doctrine has not been extended to nontestimonial evidence discovered in violation of *Miranda*, the contents of the safe are not subject to suppression. (R. & R. 9-10). Moreover, Judge Brennenstuhl notes that even if the drugs were subject to exclusion on *Miranda* grounds, the inevitable discovery doctrine bars suppression because the officers conducted a valid search of the home, and it would have been within their authority to force entry into the safe even without the combination. (R. & R. 10).

## II. STANDARD OF REVIEW

When ruling on an objection to a magistrate judge's report and recommendation of disposition on a Defendant's motion to suppress evidence, the Court conducts a *de novo* review. 28 U.S.C. §§ 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004).

## III. DISCUSSION

Now, Defendant objects on two grounds: (1) the Magistrate Judge erred in finding that the inevitable discovery doctrine applied where no informant mentioned the presence of drugs in a safe; and (2) the Magistrate Judge erred in concluding that the safe combination was not testimonial in nature. (Def.'s Obj. R. & R. 2). Neither argument is compelling.

First, evidence that was unlawfully obtained may be admissible against a defendant if the evidence would have inevitably been discovered through lawful means. *Nix v. Williams*, 467 U.S.

431, 447-48 (1984). Police may force entry into a safe when searching a home for drugs. *United States v. Church*, 823 F.3d 351, 357 (6th Cir. 2016). Mitchell's argument here that officers who were executing an otherwise valid search warrant for evidence of drugs and firearms would overlook a locked safe—particularly where the officers had detained Defendant and located drugs on his person and a firearm in the home—is patently unreasonable. The officers in this situation would have gained access to the safe with or without Defendant providing the combination. Thus, discovery was inevitable and Defendant's Objection is overruled.

Second, Defendant misunderstands the Magistrate Judge's conclusion that the physical evidence should not be suppressed because the fruit of the poisonous tree doctrine does not require suppression of nontestimonial evidence. The Supreme Court has held that the fruit of the poisonous tree doctrine does not apply in instances where statements made in custody in violation of *Miranda* lead to the discovery of physical evidence. *United States v. Patane*, 542 U.S. 630, 642 (2004). The Court held there that suppression of the statement itself was a sufficient remedy for such violations. *Id.* at 643. As Justice Thomas wrote, "[i]ntroduction of the nontestimonial fruit of a voluntary statement, such as respondent's Glock, does not implicate the Self-Incrimination Clause." *Id.*

Defendant's Objection conflates testimonial versus nontestimonial statements—as relevant to self-incrimination cases—with testimonial versus nontestimonial evidence—as relevant in *Patane*. *Compare United States v. Hubbell*, 530 U.S. 27 (2000), *with Patane*, 524 U.S. at 642. In this instance, the nontestimonial evidence is the contents of the safe, and this is precisely the evidence the *Patane* court found was not subject to suppression. Judge Brennenstuhl appropriately framed this issue, and this Court's *de novo* review finds no error. Defendant's Objection is therefore overruled.

## IV. <u>CONCLUSION</u>

For the forgoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge (DN 51) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Objection (DN 52) is **OVERRULED**. Therefore, Defendant's Motions to Suppress (DN 34, 35) are **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

December 7, 2018

cc: counsel of record